UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN CHIPLEY,<br><br>                    Plaintiff,<br><br>     v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York company, COMCAST CORPORATION, a Pennsylvania company, and COMCAST COMPREHENSIVE HEALTH AND WELFARE BENEFIT PLAN,<br><br>                    Defendants. | NO. 2:17-CV-0261-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY |

BEFORE THE COURT is Plaintiff's Motion for Leave to Conduct Discovery. ECF No. 21. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Leave to Conduct Discovery (ECF No. 21) is **DENIED**.

ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY ~ 1

## BACKGROUND

Plaintiff Ryan Chipley was employed by Defendant Comcast, but stopped working in December 2013. ECF Nos. 21 at 2; 23 at 2. On June 5, 2014, Defendant Metropolitan Life Insurance Company ("MetLife") approved Plaintiff's long-term disability ("LTD") claim and began paying benefits. *Id.* On April 24, 2015, MetLife terminated Plaintiff's LTD benefits. *Id.* Plaintiff appealed this decision, which MetLife denied. ECF Nos. 21 at 3; 23 at 2.

MetLife relied upon consultants Rajendra K. Marwah, M.D. during the initial claim processing and Elena Schiopu, M.D. on appeal. ECF Nos. 21 at 3; 23 at 2–3. MetLife contracted with outside vendors for these independent medical reviews, specifically Network Medical Review Co., Ltd. and Medical Consultants Network. ECF Nos. 21 at 3; 23 at 3; 24 at ¶ 2. Plaintiff asserts that MetLife also relied on Ethos Risk Services, which provided surveillance. ECF Nos. 21 at 3; 23 at 7. Plaintiff asserts that MetLife's decision relied heavily upon reviews performed by these allegedly insufficient consultants hired through the consulting companies. ECF No. 21 at 3.

## DISCUSSION

The Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), provides for federal regulation of private employee benefit plans. Under de novo review, "[t]he court simply proceeds to evaluate whether the plan

administrator correctly or incorrectly denied benefits." *Opeta v. Nw. Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007) (quoting *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006)). A district court determines whether the plaintiff is entitled to benefits based on the evidence in the administrative record and "other evidence as might be admissible under the restrictive rule of *Mongeluzo*." *Id.* (quoting *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094 (9th Cir. 1999)).

In *Mongeluzo*, the Ninth Circuit held that a district court may consider evidence outside the administrative record "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 944 (9th Cir. 1995) (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025 (4th Cir. 1993)).  The Ninth Circuit emphasized that "a district court should not take additional evidence merely because someone at a later time comes up with new evidence, and that [i]n most cases only the evidence that was before the plan administrator at the time of determination should be considered." *Opeta*, 484 F.3d at 1217 (internal quotation marks omitted) (quoting *Mongeluzo*, 46 F.3d at 944).  Such exceptional circumstances include issues regarding the credibility of medical experts, necessity of evidence regarding interpretation of the terms of the plan, and instances where

the payor and the administrator are the same entity and the court is concerned about impartiality. *Id.* (quoting *Quesinberry*, 987 F.2d at 1027).

Here, both parties agree that *de novo* review is appropriate. ECF Nos. 21 at 4; 23 at 2. Plaintiff requests various discovery regarding the third-party consultants and consulting companies used by MetLife, arguing that further information is pertinent to evaluating bias. ECF Nos. 21; 26 at 4. Defendants assert that Plaintiff fails to prove that any exceptional circumstances exist to require discovery outside the administrative record. ECF No. 23 at 4–5. The Court will address each of Plaintiff's requests below.

**1. Statistical Data and Relationship Between MetLife and Third-Party Consultants**

Plaintiff requests leave to conduct discovery regarding the statistical data concerning the decision-making history of the third-party consultants and consulting companies/vendors used by MetLife. ECF No. 21 at 4–5. Plaintiff asserts that without this information, the Court cannot fully evaluate the credibility of the consultants or MetLife's structural conflict of interest. *Id.* at 6–7. Additionally, Plaintiff requests leave to pursue discovery regarding the relationship between MetLife, the third-party consultants, and the consulting companies. *Id.* at 7. Plaintiff argues that evidence relevant to their relationship is necessary for the

ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY ~ 4

Court to fully evaluate the credibility of MetLife's medical reviewers and any issue of bias. *Id.* at 9; 26 at 4.

The Court in *Opeta* did not elaborate on the credibility of medical experts exception and it has been left to the trial courts to determine when this exception applies. *Opeta*, 484 F.3d at 1217. Defendants highlight a decision in the Northern District of California. ECF No. 23 at 5–6; *Nguyen v. Sun Life Assurance Co. of Canada*, No. 314CV05295JSTLB, 2015 WL 6459689 (N.D. Cal. Oct. 27, 2015). In *Nguyen*, the court noted that some courts found that *Opeta* sanctions additional discovery because it goes to the weight the court will assign those reviewers' opinions. *Id.* at *8. Yet, the *Nguyen* court disagreed because "*Opeta*'s mandate [was] to limit additional discovery to 'exceptional circumstances,' including on the issue of medical-reviewer credibility." *Id.*

Plaintiff cites to district court cases that were considered by the court in *Nguyen*. ECF No. 21 at 6; *see Nguyen*, 2015 WL 6459689, at *6–7. The court in *Knopp* ordered additional discovery bearing on the credibility of the medical reviewers engaged by the insurer because of a possible conflict of interest where the insurer/payor and plan administrator appeared to be affiliated. *Knopp v. Life Ins. Co. of N. Am.*, No. C-09-0452 CRB (EMC), 2009 WL 5215395, at *3 (N.D. Cal. Dec. 28, 2009). In *Bourland*, the Western District of Washington found that the credibility of the medical reviewers was relevant and subject to discovery.

*Bourland v. Hartford Life & Acc. Ins. Co.*, No. C13-6056 BHS, 2014 WL 4748218, at *3 (W.D. Wash. Sept. 24, 2014). The court did not reach a decision on the request for statistical data. *Id.*

Here, the Court finds that there is no extraordinary circumstance necessitating discovery. The Court considers *Nguyen* more instructive as the court considered the cases cited by Plaintiff, but found that further discovery in a similar conflict of interest situation was not an exceptional circumstance. *Nguyen*, 2015 WL 6459689, at *8. Unlike the reasoning in *Knopp*, Defendants here relied on a third party vendor to supply them with medical reviewers and there is no showing that they appeared to be affiliated beyond this point. Defendants emphasize that MetLife does not have a direct contractual or financial relationship with medical reviewers and no operational control over the vendors. ECF No. 23 at 7. Additionally, the brief decision in *Bourland* does not address the nuisances of *Opeta* and the Court here finds that *Bourland* is not instructive.

Extending discovery in this case would allow for an expansive reading of *Opeta* when it is meant to be a narrow exception. Plaintiff has failed to demonstrate specific extraordinary circumstances to warrant this limited exception. Accordingly, the Court declines to expand the ruling in *Opeta* and rejects that statistical data and further information on the medical reviewers is an exceptional circumstance requiring discovery to safeguard against bias.

### 2. Qualifications of Third-Party Consultants

Plaintiff requests discovery regarding the qualifications of the third-party consultants, such as the instructions they were given and what information they reviewed. ECF No. 21 at 9–10. Plaintiff asserts that such evidence directly relates to the credibility of medical experts under *Opeta*. *Id.* at 9. Plaintiff contends that for the Court to properly weigh the opinions of these consultants with the contrasting opinions of his treating physicians, the Court must know the consultants' qualifications. *Id.* at 9–10. Defendants argue that the Court is capable of evaluating the various medical opinions without burdensome discovery. ECF No. 23 at 9. Defendants state that if Plaintiff was granted discovery on this matter, then it would be necessary to conduct discovery into all medical professionals involved in the claim. *Id.* at 9–10.

As shown in the administrative record, Dr. Schiopu is board certified in rheumatology and internal medicine. Her medical license number was also provided. AR at 758. Dr. Schiopu listed the medical records she reviewed in her report, stating that she reviewed over 300 pages of records. AR at 745–48, 754. In regards to the instructions she was given, Dr. Schiopu answered specific questions outlined throughout her report. AR at 754–757. Also found in the administrative record, Dr. Marwah is board certified in rheumatology and internal medicine. He is a fellow at the Royal College of Physicians, American College of Physicians,

ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY ~ 7

and American College of Rheumatology. AR at 988. His Texas and Louisiana license numbers were both provided. *Id.* Dr. Marwah also answered the specific question outlined in his report and listed all of the records he reviewed. AR at 983, 987.

The Court finds that the above information is sufficient and Plaintiff fails to establish any exceptional circumstances justifying further discovery on the qualifications of these consultants. The Court may properly weigh their opinions with those of the treating physicians without further broad discovery into their qualifications. Plaintiff's argument that no medical person evaluated him is an issue to consider when weighing whether the plan administrator correctly denied benefits, but does not establish an extraordinary circumstance to justify discovery. ECF No. 26 at 3–4. Accordingly, the Court denies Plaintiff's request for further discovery on Dr. Schiopu and Dr. Marwah's qualifications.

### 3. Other Details of Plaintiff's Claims

#### a. Names, addresses, and phone numbers

Plaintiff requests discovery into the identities of each person involved in Plaintiff's claim, such as names, addresses, and phone numbers. ECF No. 21 at 10. Defendants contend that the administrative record already identifies the many individuals involved in the claim processing and appeal. ECF No. 23 at 10. Defendants state that if Plaintiff has reason to believe the record omits reference to

1  a specific individual, the parties may meet and confer. ECF No. 23 at 10. Plaintiff

2  concedes that he can glean the names of the persons involved in the claim, but

3  argues that only MetLife can obtain and provide information regarding their

4  training, the information reviewed, and instructions given by MetLife. ECF No. 26

5  at 4.

6  The Court determines that if Plaintiff is unable to locate the identity of a

7  specific person within the administrative record, then he may meet with

8  Defendants to discuss the issue. The Court has already determined than any

9  further information regarding training, reviewed information, and instructions for

10  the medical consultants is not necessary. Plaintiff fails to specify any other

11  particular person involved in the claim where this information would be required.

12  *See id.* The Court declines to order a broad ruling regarding such information on

13  any possible unnamed person involved in the claim. Accordingly, the Court denies

14  Plaintiff's request for broad discovery of those involved in his claim.

15  **b. Identification of plan entities**

16  Plaintiff requests discovery aimed at identifying the relevant plan entities.

17  ECF No. 21 at 10. Defendants contend that they have already identified MetLife

18  as the claims administrator, Comcast as the plan administrator, and admitted that

19  MetLife issued the group policy responsible for funding the LTD benefits. ECF

20  Nos. 23 at 10; 6 at ¶ 8; 9 at ¶ 6. Defendants note that the plan documents in the

record contain additional information. ECF No. 23 at 10. The Court finds that Defendants have already provided the requested information and denies Plaintiff's request for the identification of plan entities.

### c. Amount of benefits at issue

Plaintiff requests discovery on the amount of benefits at issue. ECF No. 21 at 10–11. Defendants assert that the administrative record already contains the relevant policy terms and information used to calculate benefits. ECF No. 23 at 10. Defendants argue that Plaintiff's counsel can perform his own calculations and reach his own conclusions about his view of case value. *Id.* at 10–11.

The Court denies Plaintiff's request as the administrative record contains the necessary information and Plaintiff fails to establish that he is unable to perform the calculations for the amount of benefits.

### d. Documents relevant under ERISA

Plaintiff requests discovery of the documents made relevant to his claim under ERISA and 29 C.F.R. § 2560.503-1, including the Plan; the Summary Plan Description; other applicable agreements, contracts, and policies; the entire administrative record; statements of policy or guidance; and documents demonstrating compliance with the administrative processes. ECF Nos. 21 at 11; 26 at 6. Defendants state that the record already contains relevant plan documents

1  and if Plaintiff believes different plan documents apply, then Defendants agree to

2  meet and confer.  ECF No. 23 at 11.

3  Plaintiff admits that he has been provided the applicable insurance policy

4  and the ERISA plan, but only recently and thus penalty claims remain.  ECF No.

5  26 at 4–5.  Plaintiff asserts that if any additional agreements or communications

6  exist between Comcast, MetLife, the reviewers, medical review companies,

7  investigators, and claim adjustors, then these documents should be provided.  *Id.* at

8  5.  Plaintiff specifically requests any records of conversations regarding the roles

9  of these people or their organizations in handling disability claims or Plaintiff's

10  specific claim.  *Id.*

11  The Court finds that any such requested information may only apply to

12  Plaintiff's claim as the term "relevant" specifically relates to the claimant's claim,

13  not a general handling of disability claims.  *See* 29 C.F.R. § 2560.530-1(m)(8).

14  Defendants contend that the record already contains the relevant information and

15  Plaintiff fails to assert a belief that some relevant information is not included.  If

16  Plaintiff has such a belief regarding specific information, then Plaintiff and

17  Defendants may meet to discuss the disclosure of the relevant information.  The

18  Court declines to grant a broad discovery request relating to any conversations of

19  Defendants' handling of disability claims involving the consultants and consultant

20  companies.

ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY ~ 11

**e. Defendants' profits subject to disgorgement**

Plaintiff requests discovery on any profits made from the benefits withheld from Plaintiff. ECF No. 21 at 11. Plaintiff argues that this discovery is relevant because he has an equitable claim entitling him to disgorgement of any wrongfully withheld money made by MetLife refusing to pay his claim. *Id.*; 20 U.S.C. § 1132(g)(2)(E). Plaintiff asserts that only MetLife can provide information regarding the money it saved and the earnings it made by denying Plaintiff's claim. ECF No. 26 at 4. Defendants assert that Plaintiff has not established any legitimate basis for discovery regarding alleged profits, where there has been no preliminary determination about the merits of the claim. ECF No. 23 at 11.

The Court finds that this request is premature and denies discovery regarding disgorgement with leave to renew after a preliminary finding on the merits.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Leave to Conduct Discovery (ECF No. 21) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** January 8, 2018.



THOMAS O. RICE
Chief United States District Judge